RECEIVED MAY 15 '08 U.S.C.A 3d

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

**Thomas J. Capano v. Perry Phelps, et al.**
No. 08-2282

**On appeal from the United States District Court - District of Delaware**
Civil Action No. 06-58
The Honorable Harvey Bartle III (By Designation)

## CONCISE SUMMARY OF THE CASE
### Factual and Procedural Background

In January 1999, Thomas J. Capano ("Capano") was convicted in the Delaware Superior Court of a single charge of First Degree Murder concerning the death of of Anne Marie Fahey ("Fahey"), the scheduling secretary of the State's then-Governor, Thomas R. Carper. Following a "penalty hearing," the Court sentenced Capano to death. See, *State v. Capano*, 1999 Del. Super. LEXIS 541. Capano's conviction and death sentence were affirmed by the Delaware Supreme Court on direct appeal *Capano v. State*, 781 A.2d 556 (Del. 2001), *cert. denied*, 536 U.S. 958 (2002) ("*Capano II*"). In a subsequent state court post-conviction proceeding, the Delaware Supreme Court vacated Capano's death sentence and remanded for a new penalty hearing. See, *Capano v. State*, 889 A.2d 968 (Del. 2006). When the State elected not to proceed with that a second penalty hearing, Capano was resentenced to life in prison without the possibility of parole.

Thereafter, Capano filed a timely petition for habeas corpus relief under 28 U.S.C. §2254. In the Habeas Petition, Capano presented three claims for relief:

(1) Under the Due Process Clause of the Fourteenth Amendment, Capano was entitled to have the jury instructed on lesser included offenses. See, *Beck v. Alabama*, 447 U.S. 625 (1980). The decision in *Capano II* that Capano was not entitled to instructions on lesser included offenses was an unreasonable application of *Beck* and its progeny (hereinafter "*Beck* Claim");

(2) The rulings in *Capano II* that the admission of Fahey's hearsay statements to her friends, relatives and psychotherapists violated Capano's rights under the Confrontation Clause of the Sixth Amendment and also violated his right to a fair trial under the Fourteenth Amendment (hereinafter "Hearsay Claim");

(3) The questioning of Capano on cross-examination concerning his pre-arrest and post-arrest silence violated his rights under the Fifth Amendment to the United States Constitution (hereinafter "Doyle Claim").

The Habeas Petition was denied by the District Court on April 15, 2008. *Capano v. Carroll*, 2008 U.S. Dist. LEXIS 32648 ("*Habeas Decision*"). A summary of the historical facts which led to Capano's conviction is set forth in the *Habeas Decision*.

The District also declined to issue a Certificate of Appealability ("COA". Appellant intends to file a separate Application for COA, which is due on or before May 29, 2008. Appellant will be seeking a COA only as to the *Beck* claim.

## Issues to be Raised on Appeal

In a prosecution for capital murder, a defendant is entitled, under the Due Process Clause of the Fourteenth Amendment, to have the jury instructed on lesser included offenses if there is any evidence presented in the trial to warrant giving such instructions under state law. See, *Beck v. Alabama*, 447 U.S. 625 (1980). The issue to be raised in this appeal (if the application for COA is granted) is whether the decision of the Supreme Court of Delaware in *Capano II* that Capano was not entitled to instructions on lesser included offenses was an unreasonable application of the rule in *Beck*.

## CERTIFICATION

This is to certify that the foregoing Concise Summary of the Case was mailed to the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record, this 11th day of May, 2008.

*/s/ Joseph M. Bernstein*
Joseph M. Bernstein
800 N. King Street - Suite 302
Wilmington, DE 19801
302-656-9850
Attorney for Appellant

Dated: May 11, 2008